UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:16-cr-00316-JCM-NJK |
| ) | |
| vs. ) | ORDER ON MOTION TO COMPEL |
| ) | DISCOVERY |
| JUAN ANTONIO ZAMORA, ) | |
| ) | (Docket No. 41) |
| Defendant. ) | |

Pending before the Court is Defendant Juan Antonio Zamora's motion to compel discovery. Docket No. 41. The Court has considered Defendant's motion, the United States' response, and Defendant's reply. Docket Nos. 41, 45, 46.[1] For the reasons discussed below, the Court hereby **DENIES** Defendant's motion.

---

[1] The Court ordered Defendant to file any reply no later than May 23, 2017, at 12:00 p.m. Docket No. 44. Nonetheless, Defendant filed his reply nearly three hours after the Court's deadline. *See* Docket No. 46. This late filing is part of a pattern of conduct of failing to follow Court orders and/or Local Rules on the part of both parties in relation to the instant motion. *See* Docket No. 40 (denying Defendant's first motion to compel for failure to cite points and authorities in violation of the Court's Local Rules); Docket No. 44 (striking United States' response for failure to cite points and authorities in violation of the Court's Local Rules and setting deadline for Defendant's reply).

The Court will consider Defendant's untimely reply in ruling on the instant motion. The Court admonishes the parties to fully comply with all Court orders and Local Rules in the future.

## I. BACKGROUND

On February 13, 2017, Defendant filed a motion to suppress evidence in the instant case. Docket No. 18. After the motion was fully briefed, the Court set an evidentiary hearing on the motion. Docket No. 25.[2] On May 3, 2017, the Court held an evidentiary hearing on Defendant's motion to suppress evidence. Docket No. 33. At the end of the United States' presentation, at Defendant's request, the Court continued the hearing to May 25, 2017, in order to allow Defendant to request certain additional discovery. *Id*. The instant motion followed. Docket No. 41.

Defendant submits that, after the evidentiary hearing on May 3, 2017, he asked the United States for the following discovery: "(1) any and all information documents, etc. concerning the tip that was testified to by the officers, (2) the declaration of arrest for [Defendant], ... and (3) a report or recording of any interview conducted with the passenger." *Id*. at 4. On May 9, 2017, Defendant submits, the United States provided the declaration of arrest for Defendant and stated that no interview was conducted of the passenger. *Id*. Regarding the tip, Defendant submits, the United States stated that it did not have any Crimestopper Tip information in its care, custody, or control, and that it understood that "Crimestoppers is an independent agency, not law enforcement." *Id*. Defendant submits that information about the tip "is undoubtedly material" to his defense. *Id*. Further, Defendant contends that the testimony at the evidentiary hearing undermines the United States' assertion that the information is not within its care, custody, or control. *Id*. at 5. Finally, Defendant asks the Court, without any supporting authority, not to consider the information regarding the tip in deciding the motion to suppress if the United States does not turn over the requested information. *Id*. at 5-6.

In response, the United States submits that the Las Vegas Metropolitan Police Department (LVMPD) has no record of the tip. Docket No. 45 at 1. As such, the United States contends, it has no duty to provide it as it does not have an obligation to create discoverable material. *Id*. at 1-2. Finally, the United States submits that, as the tip was a subsequent valid traffic stop was conducted of Defendant's vehicle, the Court may consider the traffic violations the basis for the stop. *Id*. at 2.

---

[2]The date of the evidentiary hearing was continued twice due to conflicts in the schedules of witnesses. Docket Nos. 27, 29.

In reply, Defendant questions whether the United States submitted a broad enough request for the tip information. Docket No. 46 at 2. Defendant again asks the Court not to consider the tip in determining the underlying motion to suppress. *Id*. at 3-4. Finally, Defendant submits that his counsel does not believe that the continued evidentiary hearing is necessary. *Id*. at 4.

## II. ANALYSIS

Fed.R.Crim.P. 16 provides that, upon a defendant's request, the Government must provide the defense with "photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control" and if "(i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." Fed.R.Crim.P. 16(a)(1)(E). The rule "triggers the government's disclosure obligation only with respect to documents within the federal government's actual possession, custody or control." *United States v. Gatto*, 763 F.2d 1040, 1048 (9th Cir. 1985).

The United States submits that the information about the tip is not within its custody and control. Defendant disputes the United States' assertion. Nonetheless, as both parties agree that the Court should not consider the tip in determining the underlying motion to suppress, the Court need not address this issue.

## III. CONCLUSION

Accordingly, for the reasons stated above,

**IT IS ORDERED** that Defendant's motion to compel discovery, Docket No. 41, is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the evidentiary hearing as currently set is VACATED and RESET for closing arguments on the motion to suppress at May 25, 2017, at 10:00 a.m., in Courtroom 3C.

IT IS SO ORDERED.

DATED: May 24, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge